BASKFIELD, Administrator, Appellant, vs. MOLTHEN, Respondent.

*April 16—May 4, 1915.*

*Gift by aged parent to one of her children: Undue influence: Mental capacity.*

Findings of the trial court to the effect that an assignment of a note and mortgage, made by an aged parent about four months before her death to a son who, after coming to maturity, had continued to aid his parents and look after the home farm, was not obtained by the son by fraud or the exercise of undue influence, and that at the time of making such assignment the mother was of sound mind and memory and was acting of her own free will, are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action to set aside an assignment of a note and mortgage on the ground that it was obtained by fraud and undue influence.

The facts, so far as necessary to present the questions involved here, were stated by the trial court in concluding the case, as follows:

Magdalena Molthen deceased, testate, June 23, 1910. Her will was duly admitted to probate. She left surviving several adult children and, among them, defendant *John Molthen.* Her husband predeceased her several years. For a long period they lived on a farm. They were advanced in years. All the children, except the defendant, soon after coming to maturity left the parents to their own resources and to care for themselves. He married some twenty years before his mother died. He lived with his parents for several years after the marriage, then went to live on a near-by farm; but continued to aid his parents for a time, then was recalled to the home to work the farm. He did that for some seven years thereafter. He then went to another farm in the neighborhood, but continued to aid in looking after the home farm. September 25, 1908, the deceased became the owner of the note and mortgage in question. The amount thereof was $2,000. January 13, 1910, it was duly assigned to defendant and the assignment was promptly placed on record. The mortgage and note which it secured were duly delivered with the assignment to defendant as his property in consideration of one dollar and natural love and affection and services theretofore rendered by him for the assignor. Mrs. Molthen contemplated making the assignment for some six months before it was done. She was of sound mind and memory and did the act of her own free will. Defendant did not exercise any undue influence or use any fraud to procure the making of the assignment. When she died she was worth some $6,000.

The evidence tended to show that only one of the four children, beside defendant, took any active interest in impeaching the gift of the mortgage to defendant; that there were strong reasons for his having been specially favored, and there were special reasons why the person who promoted the litigation was treated with less favor than some of the other children, particularly the defendant. The assignment was made some four months before Mrs. Molthen died and when there is little dispute but that she was of sound mind. The attorney who drew it and superintended its execution testified that Mrs. Molthen employed him, that she went to the bank and got the papers and directed what she wanted done; that she appeared to be fully competent to do business and to exercise judgment; that he had no words with defendant in respect to the matter; that he visited her at her house at the request of her physician for the purpose of enabling her to execute the assignment; that he read it to her and asked her if she was acting of her own free will and without talking with defendant about it; that she declared in the affirmative and that she had never talked with defendant about it; that he cautioned her in respect to the matter because of the special favor to defendant and of the circumstance of the assignment being made in his house, and that she persisted in declaring that it was what she wanted to do and that it was uninfluenced by any talk with her son.

On the facts found as aforesaid judgment was rendered dismissing the complaint with costs.

For the appellant there was a brief by *Chr. A. Christiansen,* attorney, and *J. E. & J. F. Malone,* of counsel, and oral argument by *J. E. Malone.*

For the respondent there was a brief by *Burke & Lueck,* attorneys, and *R. W. Lueck,* of counsel, and oral argument by *Robert Lueck.*

MARSHALL, J. The foregoing indicates sufficiently the issues in this case and the general features of the evidence.

Many minor details to which our attention was called on the argument have been considered; but do not change the stated general aspects of the case, and, therefore, it does not seem best to incumber the record with any particular reference to them.

While some errors are claimed to have occurred in regard to admission of evidence, there are none, in our judgment, which materially affect the result, hence that branch of the case will be passed without discussion.

There is left only a claim that material findings of fact are against the clear preponderance of the evidence. It does not appear so. The appellant seems to have signally failed to make out a case of undue influence. Granted that Mrs. Molthen was a little childish, that is quite characteristic of old people. She evidently had a very deep conviction of what she wanted to do with the note and mortgage. In face of the positive evidence that she procured them from the bank where she customarily kept them, employed an attorney to draft the proper paper for the transfer, later sent for him to attend her and supervise the execution, then emphatically declared that she wished to make the transfer, and that she had not said anything to her son *John* about the matter,—the findings complained of are well supported.

*By the Court.*—Judgment affirmed.